## Henry C. Burnham v. Clinton Van Gilder.

*Trespass to lands: Rightful possession: Particular use.* Trespass to lands will not lie against one rightly in possession, where the complaint is not of the retention of the land, but of the particular use to which it is put, which, however, is not out of the ordinary course of farming.

*Practice: Certiorari: Judgment: Technical imperfections.* The statute (*Comp. L. 1871,* § *5477*) providing that on *certiorari* such judgment as the right of the matter requires shall be rendered, disregarding technical omissions, imperfections or defects that do not affect the merits, technical questions of practice will not be considered where the plaintiff's own testimony clearly negatives his right of action.

*Submitted on briefs April 20.    Decided June 13.*

Error to Allegan Circuit.

*Jacob V. Rogers,* for plaintiff in error.

*Stafford & Tomlinson,* for defendant in error.

CAMPBELL, J:

This case comes up on *certiorari,* from a justice's court to the circuit court, removed here by writ of error. Van Gilder sued Burnham and arrested him on a *cupias* for a trespass to land. The trespass consisted, as alleged, in preparing and sowing several acres of land with wheat.

It appeared by Van Gilder's own testimony that he had purchased the land from one Harding while defendant was in possession, in July, 1874; that at that time defendant was rightly in possession and raising a crop of corn; that defendant and plaintiff had several conversations about putting in wheat, and Burnham said he intended to put it in, and Van Gilder objected, but never gave him notice to quit the premises, and does not swear that he had no right to remain; and shows expressly that he was acting in the ordinary course of farming upon lands in his undisturbed possession. The objection appears to have been to his particular use, and not to his retention of the land.

Upon this state of facts the defendant was guilty of no trespass, and the plaintiff had no shadow of a right to bring this action.

As the statute requires this court on *certiorari* "to give judgment in the cause as the right of the matter may appear, without regarding technical omissions, imperfections, or defects in the proceedings before the justice, which did not affect the merits" *(C. L., § 5477)*, we shall not spend time in discussing the questions of practice raised on the record. Where a plaintiff's own testimony clearly negatives his right of action, it is not easy to see how he can get a judgment with or without the aid of technicalities; but if he can, such judgment is so manifestly against right that it should be set aside.

The judgment of the circuit court and of the justice's court must be reversed, with costs of all the courts, and judgment entered that the plaintiff take nothing by his suit.

The other Justices concurred.